IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LAURA MARYLAND TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.   2:13cv730-WHA |
| | ) | |
| WAL-MART STORES, INC., et al., | ) | (wo) |
| | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

This case is before the court on a Motion for Summary Judgment (Doc. #22), filed by Wal-Mart Stores, Inc. on November 21, 2014.

The Plaintiff filed a Complaint in the Circuit Court of Montgomery County, Alabama, bringing a claim of negligence and seeking $153,000 for injuries sustained in fall at a Wal-Mart store in Montgomery, Alabama.

Wal-Mart Stores, Inc. ("Wal-Mart") filed a Notice of Removal, removing the case to this court on the basis of diversity jurisdiction.   No Motion to Remand was filed, and the court finds that diversity jurisdiction exists in this case.

For the reasons to be discussed, the Motion for Summary Judgment is due to be GRANTED.

**II.  SUMMARY JUDGMENT STANDARD**

Summary judgment is proper "if there is no genuine issue as to any material fact and    . . . the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S.

317, 322 (1986).

The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion," relying on submissions "which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323.   Once the moving party has met its burden, the nonmoving party must "go beyond the pleadings" and show that there is a genuine issue for trial. *Id.* at 324.

Both the party "asserting that a fact cannot be," and a party asserting that a fact is genuinely disputed, must support their assertions by "citing to particular parts of materials in the record," or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."   Fed. R. Civ. P. 56 (c)(1)(A),(B).   Acceptable materials under Rule 56(c)(1)(A) include "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials."

To avoid summary judgment, the nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).   On the other hand, the evidence of the nonmovant must be believed and all justifiable inferences must be drawn in its favor. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986).

After the nonmoving party has responded to the motion for summary judgment, the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.   Fed. R. Civ. P. 56(a).

### III. FACTS

The submissions of the parties establish the following facts, construed in a light most favorable to the non-movant:

On September 5, 2011, Plaintiff Laura Maryland Taylor ("Taylor") was shopping in a Wal-Mart store in Montgomery, Alabama. She was shopping with her fiancé, Derius Page, and her nineteen-year-old son, Benjamin Taylor. Taylor fell while shopping, apparently slipping on baby food spilled on the floor of the store. Taylor testified in her deposition that after she fell, she noticed glass and baby food on the floor. Other than a slide mark made by Taylor through the substance, there were no other slide marks, footprints, shopping cart marks, or other evidence of customer traffic.

Sylvia Dryer ("Dryer"), a Wal-Mart Sales Associate who assisted Taylor after her fall, stated in her Declaration that the Montgomery store had maintenance associates who were assigned to walk the store to check for spills and hazards and to keep the floors free of dirt, debris, and foreign objects. Dryer stated that these safety measures were in place on the day of the accident. Dryer also stated that she had walked on the aisle at least 30 minutes before Taylor's fall and there was nothing on the floor at that time. Prior to Taylor's fall, no one had reported to Dryer that there was any substance on the floor.

## IV. DISCUSSION

In this premises liability case, Wal-Mart moves for summary judgment arguing that Taylor has failed to show that Wal-Mart had actual or constructive notice that there was a foreign substance on the floor, or that the business created a hazardous condition that proximately caused injury to the plaintiff. *See Nelson v. Delchamps, Inc.*, 699 So. 2d 1259, 1261 (Ala. Civ. App. 1997). Wal-Mart states that Taylor has failed to present any evidence that anything was on the

floor a sufficient amount of time to put Wal-Mart on notice. Wal-Mart, on the other hand, has pointed to evidence that Taylor saw a spill of baby food on the floor after her fall, but neither Taylor nor her fiancé noticed any shopping cart track marks or foot prints to indicate that anyone had walked through the spill prior to the fall. (Doc. #22-4 at p. 45:23-46:6). Wal-Mart has also presented evidence that no report had been made to Wal-Mart employee Dryer of a spill, even though it was Labor Day, a busy shopping retail day. Wal-Mart has provided Dryer's Declaration in which she states that she had conducted a safety sweep of the store area in question, and had walked through the area at least thirty minutes before the accident and observed nothing on the floor at that time. (Doc. #22-5 at p.4). Wal-Mart also argues that any substance on the floor was an open and obvious hazard which should have been seen by Taylor in the exercise of ordinary care, pointing to Taylor's statement in her deposition that there was nothing in terms of her eyesight preventing her from seeing the spill on the floor. (Doc. #22-2 at p.80:18-81:2).

      Taylor's response to the Motion for Summary Judgment does not dispute the evidence pointed to by Wal-Mart. In fact, Taylor points to much of the same evidence relied on by Wal-Mart, and states that there was a foreign substance within the aisle of the store, and that the presence of the spill is corroborated by witnesses. Taylor's argument appears to be that that evidence is sufficient to create a question of fact as to whether Wal-Mart failed to maintain its store in a manner that was safe for all patrons. Taylor does not dispute Wal-Mart's evidence that it did not have actual knowledge or notice of the spill prior to Taylor's fall, however.

      The mere fact that a customer slips and falls in a store due to a foreign substance on the floor does not make the store owner strictly liable to the customer for any injury sustained. Under Alabama law, "before a store owner can be held liable, the plaintiff must present evidence that the owner knew, or should have known, of the defective condition of its floor, before the injury

occurred, and knew of it for a length of time sufficient for a reasonable person to conclude that the owner could have corrected the condition." *McCombs v. Bruno's, Inc.*, 667 So.2d 710, 712 (Ala. 1995). Factors relied on by Alabama courts in determining whether there is evidence sufficient to create a question of fact, under Alabama law, of notice include location of the spill, whether it was a liquid which had dried, and size of the spill. *See Hale v. Kroger Limited Partnership*, 28 So.3d 772, 781 (Ala. Civ. App. 2009). If a substance is "dirty, crumpled, or mashed, or has some other characteristic[, e.g., is 'sticky,'] that make it reasonable to infer that it has been on the floor a long time, the defendant may be found to have a duty to discover and remove it." *Hale*, 28 So.3d at 779 (citation omitted). Under Alabama law, "no presumption of negligence arises from the mere fact of injury to the customer." *McCombs*, 667 So. 2d at 712 (quotation and citation omitted).

In this case, the evidence is undisputed. There is evidence that there was a substance on the floor and that it caused Taylor to slip and fall and suffer injury. There is also, however, affirmative evidence that Wal-Mart did not have actual knowledge of the spill. Deposition testimony also establishes that there were no footprints or shopping cart tracks to indicate that the spill had been on the floor long enough for other people to have tracked through the spill. No evidence has been pointed to, therefore, to show that the spilled substance had been on the floor a sufficient amount of time so that Wal-Mart should have known about the spill on the floor and corrected it. Accordingly, there is no evidence to create a question of fact as to whether Wal-Mart actually knew or should have known about the spill before Taylor's fall. The mere fact that Taylor was injured by falling on a substance in the floor is not sufficient to preclude summary judgment. There must be evidence of knowledge, or notice, on the part of Wal-Mart. *See McCombs*, 667 So. 2d at 712.

Accordingly, the Motion for Summary Judgment is due to be GRANTED.

## V. CONCLUSION

For the reasons discussed, the Plaintiff, Taylor, has not pointed to evidence which a reasonable jury could conclude shows that before Taylor's accident occurred, Wal-Mart knew or should have known of the spilled substance which regrettably caused Taylor's injuries. Even though Taylor was injured, without a showing of knowledge or notice on the part of Wal-Mart, there can be no liability of Wal-Mart for Taylor's injuries as a matter of law. Therefore, it is hereby ORDERED that the Motion for Summary Judgment is GRANTED.

A separate Judgment will be entered in accordance with this Memorandum Opinion and Order.


Done this 29th day of December, 2014.

    /s/ W. Harold Albritton
W.   HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE